United States District Court
Middle District of Pennsylvania

| | |
|---|---|
| Jeffrey E. Simpson | |
| Plaintiff | |
| v. | Case No 4:10-cv-1187 |
| The United States of America, B.A. Bledsoe Warden, and Harley Lappin Director, individually and in their official capacities | Complaint and Demand for Jury Trial |
| defendants | |

FILED
WILLIAMSPORT, PA
NOV 19 2010
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

## I. Jurisdiction and Venue

1. This court has Jurisdiction Pursuant to 28 U.S.C. Sec. 1331. The Plaintiff seeks Judicial review of administrative action under the administrative Procedures act 5 U.S.C. Sections 701 et seq., and any relief Provided therein. The Plaintiff seeks declaratory relief under 28 U.S.C. Section 2201 and 2202. The Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. 2283 and 2284. This action is authorized against the United States of America and Bureau of Prisons officials under 5 U.S.C §§ 702-03, and further authorizes this court to review administrative action of the Federal Bureau of Prisons and its officials under 5 U.S.C. § 706. This court is authorized Jurisdiction over the Plaintiff's civil rights claims Pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971).

2. The Middle District of Pennsylvania is the Proper venue under 28 U.S.C. Section 1391, because it is the Place where events giving rise to this complaint occurred.

## II. Plaintiff

3. Plaintiff, Jeffrey E. Simpson was at all times mentioned herein, a Federal Prisoner Confined at the United States Penitentiary in Lewisburg Pennsylvania.

## III. Defendants

4. Defendant, United States of America is legally responsible for the overall operation, regulation, and oversight, of all federal agencies and their subdivisions including the Federal Bureau of Prisons (FBOP).

5. Defendant, Harley Lappin is the Director of the FBOP and is legally responsible for the overall operation, regulation, and oversight of all Penitentiaries within the FBOP including the United States Penitentiary Lewisburg.

6. Defendant, B. A. Bledsoe is the Warden at United States Penitentiary Lewisburg, (USP-Lewisburg) and is legally responsible for the overall operation, regulation, and oversight at that Penitentiary.

## VI. Facts

7. The Plaintiff and similarly situated Prisoners are mostly double celled in the Special Management Units at USP-Lewisburg because B. A. Bledsoe and Harley Lappin require that two Prisoners are confined to one cell.

8. The cells in the Special Management Units are equipped with a manual locking tray slot, located about waist height on the cell doors. This tray slot is generally called a "wickett" is ordinarily used by correctional officers to place hand restraints on the Prisoners confined within the cell — from a secure position outside of the cell.

9. Harley Lappin and B.A. Bledsoe mandate, authorize, and have knowledge of, the Practice of their subordinate Corrections officers requiring the Plaintiff and similarly situated Prisoners confined in double celled living arrangements to first submit to hand restraints, applied by correctional officers via the wickett in the cell door. This Practice is required that both cell occupants must be secured in hand restraints prior to corrections officers opening the cell door for any reason.

10. Harley Lappin and B.A. Bledsoe are aware of the fact that the Plaintiff and similarly situated Prisoners must back up to the wickett and place their hands outside of the cell and behind their back through the wickett - in order that correctional officers will then apply hand restraints chronologically to each cell occupant.

11. Harley Lappin and B.A. Bledsoe are fully aware that their authorization of the Practices regarding hand restraints described in Paragraphs 7-10 invariably leaves one cell occupant unrestrained for a window of time, subsequent to his cellmates submission to hand restraints via the "wickett", and that correctional officers outside of the cell are not authorized to open the cell door even in the event that the unrestrained cellmate may violently attack his restrained cellmate prior to his own submission to hand restraints, or intervention by an emergency response team.

12. Harley Lappin and B.A. Bledsoe are fully aware that their authorization of Practices regarding restraints outlined in Paragraphs 7-11 have resulted in numerous violent assaults committed by the unrestrained Prisoner upon his handcuffed cellmate while corrections officers outside of the cell are not authorized to open the cell door to intervene unless an emergency response team is assembled, invariably delaying intervention or medical care in time intervals exceeding 5 minutes, or the unrestrained Prisoner complys to verbal commands and submits to hand restraints.

13. Upon information and belief, the violent attacks perpetrated upon the restrained double celled prisoners outlined in Paragraph 12 have resulted in serious bodily injury and homocides.

14. The Plaintiff and similarly situated prisoners are required to submit to hand restraints chronologically even in the event that they were fighting in the cell or seemed to be on the verge of violence.

15. Harley Lappin and B.A. Bledsoe are aware that attacks outlined in Paragraphs 12-14 are inordinately numerous, widespread, and pervasive.

16. Harley Lappin and B.A. Bledsoe have failed to take any meaningfull action to alleviate dangers posed to prisoner safety, repetive serious injury, and death as a direct result of their authorization of application of restraints to double celled prisoners as outlined in Paragraphs 7-15.

17. Defendant, B.A. Bledsoe addressed a BP-9 administrative remedy request filed by the Plaintiff prior to this complaint's filing, requesting relief from the restraint practices outlined in Paragraphs 7-16 above and citing that warden Bledsoe has disregarded a real danger to the Plaintiff's future health and safety. The Plaintiff fully exhausted all levels of appeal regarding this BP-9.

18. Upon information and belief, the practice on the application of restraints outlined in Paragraphs 7-16 above are observed in all Special Management units at Penitentiary's throughout the FBOP.

## V. Legal Claims

19. Plaintiff realleges and incorperates by reference Paragraphs 1-18 above an further states that:

20. The application of restraints in nonsecure, nonisolated areas violate both federal laws, regulations, and Federal Bureau of Prisons Policy, i.e, 18 USC § 4042, and 28 C.F.R. § 552 et. seq.

21. Application of restraints on the Prisoner in nonsecure, nonisolated areas violates the Plaintiff's fifth amendment right to liberty from unreasonable arbitrary restraint, and further violates liberty interests to safety generated from federal statute and regulations.

22. The application of restraints on the Plaintiff in nonsecure, nonisolated areas gives rise to an unreasonable risk to the Plaintiff's future health and safety, and therefore violate eight amendments ban on cruel and unusual Punishment.

23. The Plaintiff has no plain, adequate or complete remedy at Law to redress the wrongs described herein. There is a great risk of being injured due to the conduct of the defendants unless this court grants declaratory and injunctive relief sought by the Plaintiff

## VI. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests this court enter judgement granting:

24. A declaration that the acts or ommissions described herein violated Federal regulations and the Plaintiff's rights under the United States Constitution and Laws of the United States.

25. A Preliminary injunction and Permanent injunction ordering named defendants to discontinue the authorization and practice of applying hand restraints in nonisolated, nonsecure areas.

26. Punitive damages in the amount of five thousand dollars each against both B.A. Bledsoe and Hacks Laffin.

27. Nominal damages

28. Plaintiff's costs in suit, and any further relief this court finds to be equitable and just.

## Declaration

I, Jeffrey E. Simpson certify under Penalty of Perjury that the foregoing is true and Correct Excepting some matters alleged on information and belief, and as to those I believe them to be true.

dated November 17, 2010          Signed _____
                                 Jeffrey E. Simpson
                                 04394-036
                                 USP - Lewisburg
                                 P.O. Box 1000
                                 Lewisburg Pa 17837

United States District Court
Middle District of Pennsylvania

Jeffrey E. Simpson | No 4:CV-10-1187
    Plaintiff |
  V. | (Muir J.)
United States of |
America, et al. |
    Defendants |

## Certificate of Service

I, Jeffrey E. Simpson hereby verify that I placed a copy of __The Complaint__, in the institutional mail in a First Class United States Postal Service Postage Pre-Paid Envelope here at the United States Penitentiary Lewisburg on __17__ day of __November__, 2010. I make this declaration under Penalty of Perjury. This document(s) are addressed to:

United States Attorney's Office
c/o Peter J. Smith
   Suite 316
240 W. Third Street
Williamsport Pa. 17701-6465

Dated November 17, 2010

Signed _____
Jeffrey E. Simpson
04394-036
USP-Lewisburg
P.O. Box 1000
Lewisburg Pa. 17837

Jeffrey E. Simpson
04344-036
USP-Lewisburg
P.O. Box 1000
Lewisburg Pa. 17837

Clerk of Court
c/o Mrs D'Andrea
U.S. District Court
   Suite 218
240 W. Third St.
Williamsport Pa 17701

date November 17, 2010

RE: 4:10-CV-1187

Dear Mrs D'Andrea,

Judge Muir's order on November 8, 2010 stated that the "Plantiff is reminded that an amended complaint should "be a new Pleading" which stands by itself as an adequate complaint without reference to the complaint already filed".

Please disregard Previously filed complaints and file this enclosed complaint as a "new Pleading" this new complaint is dated November 17, 2010.
   Thank You again for Your most valuable time

Sincerely
[signature]

CC: JES File
   Peter J. Smith