PJS:SRC:cer

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY E. SIMPSON,** | : | **NO. 4:CV-10-1187** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Muir, J.)** |
| | : | |
| **THE UNITED STATES OF AMERICA,** | : | |
| **B. A. BLEDSOE, AND** | : | |
| **HARLEY LAPPIN, individually and in** | : | |
| **their official capacities,** | : | |
| **Defendants** | : | **Electronically Filed** |

### <u>REPLY BRIEF</u>

Respectfully submitted,

PETER J. SMITH
United States Attorney

s/ Stephen R. Cerutti II
STEPHEN R. CERUTTI II
Assistant United States Attorney
PA Bar # 90744
CYNTHIA E. ROMAN
Paralegal Specialist
240 West Fourth Street, Suite 316
Williamsport, PA 17701
Phone: (717) 221-4482
Fax: (717)221-2246
Stephen.Cerutti@usdoj.gov

January 19, 2011

# TABLE OF CONTENTS

I.      Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Reply Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.      This Court should dismiss Simpson's complaint in its
                entirety because he lacks standing, and he fails to
                establish that he is entitled to injunctive relief.. . . . . . . . . . . . . . . . . 2

        B.      This Court lacks jurisdiction to review Simpson's claims
                under the APA.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        C.      Alternatively, this Court should deny relief under the
                APA because Simpson's has not established that he is
                entitled to relief under the APA... . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        D.      Simpson failed to state a cognizable Eighth Amendment
                claim.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        E.      The defendants are entitled to qualified immunity. . . . . . . . . . . . . . 13

        F.      Simpson's claim of supervisory liability fails.. . . . . . . . . . . . . . . . . 14

III.    Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## FEDERAL CASES

Acierno v. New Castle Cty.,
40 F.3d 645 (3d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Baker v. U.S.,
2006 WL 3717382 (W.D. Pa.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Beers-Capitol v. Whetzel, ,
256 F.3d 120 (3d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Bell v. Wolfish,
441 U.S. 20 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

Bermudez v. Holt,
No. 1:09-CV-0741, 2010 WL 55713 (M.D. Pa. Jan. 4, 2010). . . . . . . . . . . . . . . 7

C.K. v. N.J. Department of Health and Human Services,
92 F.3d 171 (3d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Citizens to Preserve Overton Park, Inc. v. Volpe,
401 U.S. 402 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

City of Canton v. Harris,
480 U.S. 378 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cyrus v. Laino,
No. 4:CV-08-1085,  2008 WL 2858290 (M.D. Pa. July 22, 2008). . . . . . . . . . . . 5

Donaldson v. United States,
281F. App'x 75. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Harrison v. Bledsoe,
No. 1:09-CV-01600, 2010 WL 186804 (M.D. Pa. 2010). . . . . . . . . . . . . . . . . . 12

Lopez v. Davis,
531 U.S. 230 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Maldonado v. Houstoun,
157 F.3d 179, 184 (3d Cir. 1998)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Mitchell v. Dodrill,
No. 1:CV-08-01414, 696 F. Supp. 2d 454 (M.D. Pa. 2010). . . . . . . . . . . . . . . 13

NutraSweet Co. v. Vit-Maritime Enterprises, Inc.,
176 F.3d 151 (3d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Opticians Association of America v. Independent Opticians of America,
920 F.2d 187 (3d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rhodes v. Chapman,
452 U.S. 337(1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Sample v. Diecks,
885 F.2d 1099 (3d Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Toney v. Bledsoe,
No. 4:CV- 09-1412, 2010 U.S. Dist. LEXIS 7621 (M.D. Pa. Jan. 29, 2010).. . . . 10

Williams v. Holtzapple,
No. 3:07-CV-1283, 2010 WL 1254279 (M.D. Pa. 2010). . . . . . . . . . . . . . . . . . 13

## FEDERAL STATUTES

5 U.S.C. §§ 701(a)-702. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5 U.S.C. § 704 .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3621(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 4042(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 8, 9

# I.  Introduction

Defendants, the United States of America, B.A. Bledsoe and Harley Lappin submit this reply brief in support of their Motion to Dismiss and/or, in the Alternative, for Summary Judgment.  Simpson's opposition to the defendants' motion is insufficient to permit the case to move forward.

In Simpson's opposing brief, he clarifies that he is pursuing individual-capacity claims against Defendants Bledsoe and Lappin pursuant to <u>Bivens</u> and official-capacity claims for injunctive relief under the Administrative Procedures Act ("APA").  Simpson further states that his claim against the United States is raised under the APA.

This Court should dismiss the complaint in its entirety because Simpson lacks standing and he is not entitled to injunctive relief.  Alternatively, this Court should dismiss the complaint or grant summary judgment to the defendants because: (1) this Court lacks jurisdiction to review Simpson's claims under the APA; (2) Simpson has not established that he is entitled to relief under the APA; (3) Simpson failed to state a cognizable Eighth Amendment claim; (4) the defendants are entitled to qualified immunity; and (5) Simpson's claim under a theory of supervisory liability fails.

## II.  Reply Argument

**A.   This Court should dismiss Simpson's complaint in its entirety because he lacks standing, and he fails to establish that he is entitled to injunctive relief.**

Simpson's claim under the APA fails for the same reason that Defendants have argued that his Eighth Amendment claim fails.  Since Simpson does not raise allegations sufficient to conclude that he has sustained either an "injury in fact," or an invasion of a legally protected interest, he lacks standing.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  The alleged injury must be concrete and particularized, not conjectural or hypothetical.  See id.

Likewise, Simpson fails to meet the burden placed upon him to establish that he is entitled to injunctive relief.  "A preliminary injunction is an 'extraordinary remedy that should be granted only if '(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest.'"  NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999)(quoting Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1998)).  A plaintiff's failure to establish any element in his or her favor renders a preliminary injunction inappropriate. Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990).  The burden is

on the moving party to prove the existence of each of these necessary elements for an injunction to issue.  See Acierno v. New Castle Cty., 40 F.3d 645, 653 (3d Cir. 1994).  Simpson failed to meet the four elements stated in Nutrasweet for the reason stated in Defendant's brief.  See Br. (Doc. 28) at 22-25.

Therefore, since Simpson lacks standing and he is not entitled to injunctive relief, this Court should dismiss the complaint in its entirety.

**B.     This Court lacks jurisdiction to review Simpson's claims under the APA.**

In response to Defendants' arguments that the Defendants enjoy sovereign immunity with respect to official-capacity claims and that he failed to exhaust administrative remedies with respect to any claim construed to be asserted under the Federal Tort Claims Act, Simpson notes that he seeks only declaratory and injunctive relief against the United States and against the individually-named defendants in their official capacities under the Administrative Procedures Act. See Opposing Br. (Doc. 40) at 12-14.  Simpson exhausted administrative remedies with respect to his request for a single cell assignment based upon his claim that he is at risk of future harm as a result of the SMU handcuffing procedure that is the subject of this lawsuit.  See Cross Mot. for Summ. J. (Doc. 41); Administrative Remedy Documents (Ex. D).  Simpson contends that these administrative

3

remedies constitute a "final agency action" that is subject to judicial review under the APA because the BOP has failed to provide for his safekeeping as mandated by 18 U.S.C. §§ 4042(a)(2) and (3).  See Opposing Br. (Doc. 40) at 14.

The APA permits judicial review of an agency action made reviewable by statute and final agency action for which there is no adequate remedy in a court. See 5 U.S.C. § 704.  A person suffering legal wrong because of agency action within the meaning of a relevant statute is entitled to judicial review under the APA unless: "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."  5 U.S.C. §§ 701(a)-702.

Simpson claims that Defendants actions in requiring him to submit to hand restraints in the presence of his unrestrained cellmate, and in refusing his request for a single cell assignment constitute a violation of the statutory mandate stated in 18 U.S.C. § 4042(a).  See Opposing Br. (Doc. 40) at 14.  This statute, which addresses the general responsibilities of the BOP with respect to the management of its institutions states,

> (a)   In general. – The Bureau of Prisons, under the direction of the
>        Attorney General, shall --
>
>   (1)   have charge of management and regulation of all Federal
>         penal and correctional institution;

4

> (2)    provide suitable quarters and provide for the
>          safekeeping, care, and subsistence of all persons charged
>          with or convicted of offenses against the United States,
>          or held as witnesses or otherwise;
>
> (3)    provide for the protection, instruction, and discipline of
>          all persons charged with or convicted of offenses against
>          the United States. . . .

18 U.S.C. § 4042(a).  However, "this statute leaves the implementation of those duties to the discretion of BOP officials."  Donaldson v. United States, 281 F. App'x 75, 77 (3d Cir. 2008) (ruling that discretionary function exception barred FTCA claim against BOP officials for failing to protect inmate from assault). "Although the prison officials of the United States have a statutory duty [under 18 U.S.C. § 4042(a)(2), (3)] to protect inmates from harm, decisions regarding the best way to safeguard prisoners and the safety of the institutions are discretionary in nature and do not provide subject matter jurisdiction to this Court for negligence claims against the United States."  Cyrus v. Laino, No. 4:CV-08-1085, 2008 WL 2858290 *6 (M.D. Pa. July 22, 2008) (quoting Baker v. U.S., 2006 WL 3717382 *7 (W.D. Pa.) (dismissing APA claim challenging action under § 4042).

Federal statute further directs the BOP to designate the place of a prisoner's imprisonment, stating "The Bureau *may* designate any available penal or correctional facility that meets minimum standards and habitability . . . that the

Bureau determines to be appropriate and suitable." 18 U.S.C. § 3621(b) (emphasis added). The use of the term "may" in a statue indicates a grant of discretion to the administering agency. See Lopez v. Davis, 531 U.S. 230, 240-41 (2001).

The Special Management Unit at USP Lewisburg, which was created to manage inmates who have, inter alia, participated in a disruptive geographical group/gang-related activity, had a leadership role in disruptive geographical group/gang-related activity, or has a history of serious and/or disruptive disciplinary infractions. See SMF ¶¶ 1-4. Inmates assigned to the SMU are generally assigned to a cell with a cell mate. See SMF ¶ 36.

The Special Post Orders for the SMU at USP Lewisburg require that whenever an inmate is removed from his cell, he is required to place his hands through the food slot and submit to hand restraints. See SMF ¶ 27. If an inmate designated to the SMU is housed with another inmate, both inmates will be placed in hand restraints with their backs facing the door and the inmate who is being removed from the cell will be controlled by the officer and directed to back out of the cell. See SMF ¶ 28. If two inmates are assigned to a cell in the SMU, two staff will always be present prior to removing an inmate from the cell. See SMF ¶ 29. This allows for the inmate who is being removed to be controlled by a staff

member at all times while the second officer is removing the hand restraints from the inmate who remains in the cell.  See id.

Congress afforded the BOP broad discretion under 18 U.S.C. 4042(a) to develop these types of procedures when it mandated that the BOP provide for the safekeeping, care and protections of inmates, but failed to state how the BOP is required to comply with the mandate, and therefore, this Court should dismiss the complaint under rule 12(b)(1) of the Federal Rules of Civil Procedure because Simpson's claim is exempt from judicial review under the APA.

## C.   Alternatively, this Court should deny relief under the APA because Simpson's has not established that he is entitled to relief under the APA.

"The APA requires a reviewing court to 'hold unlawful and set aside agency action, findings and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" Bermudez v. Holt, No. 1:09-CV-0741, 2010 WL 55713 *7 (M.D. Pa. Jan. 4, 2010) (Conner, J.) (ruling DHO decision was not arbitrary or capricious).  The standard of the court's review of an agency's actions under the APA is narrow, and limited to determining whether there was a rational connection between the facts found and the choice made.  See Bermudez, 2010 WL 55713 *7 (citing C.K. v. N.J. Dep't of Health and Human Services, 92 F.3d 171, 182 (3d Cir. 1996).

7

A court must review the administrative record that was before the agency at the time of the decision, and

> must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . .  Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The Court is not empowered to substitute its judgment for that of the agency.

Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971).

The restraint procedures contained within the Special Post Orders for the SMU at USP Lewisburg are clearly designed to assist the BOP in meeting its obligation to provide "for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States."  18 U.S.C. § 4042(a)(2).  Defendants' Statement of Material Facts provide a detailed explanation of the procedures stated in the Special Post Orders for the SMU, which include the handcuffing procedure that is the subject of Simpson's complaint.  Greater security measures are required in the SMU at USP Lewisburg, which is designed to house dangerous gang-affiliated inmates, or those with serious prison disciplinary histories.  The handcuffing procedure  "allows for the inmate who is being removed to be controlled by a staff member at all times."  SMF ¶ 29.

8

An examination of the administrative remedies in which Simpson cites to this handcuffing procedure as the basis for his request for a single cell assignment reflects that, although Simpson discusses instances of inmates having been assaulted when they have been restrained in the presence of their unrestrained cellmates in the SMU, Simpson did not state that his cellmate had threatened his safety.  See Cross Mot. for Summ. J. (Doc. 41); Administrative Remedy Documents (Ex. D).  Consequently, Defendant Bledsoe explained the need to restrain inmates when they are escorted to and from their cell, instructed Simpson to contact staff immediately if he has information regarding a specific threat to his safety, and denied his request for single cell status.  See id.  For those same reasons, the Regional Director and the National Inmate Appeals Administrator denied Simpson's administrative remedy appeals.  See id.

The record fails to establish that the BOP, or any of its staff member actions were arbitrary, capricious, constituted an abuse of discretion or otherwise violated the law with respect to the Special Post Orders of the SMU at USP Lewisburg, or with respect to Simpson's request for single cell status because Simpson has never stated that he is or has been at risk of harm vis-a-vis his cellmate.

Simpson has never expressed concerns to BOP staff about his current cell assignment.  See SMF ¶ 42.  Indeed, although Simpson's cellmate provides a

9

declaration in which he describes a history of assaulting other inmates, he states with respect to Simpson, "We get along ok."  <u>See</u> Cross Mot. for Summ. J. (Doc. 41); Declaration of Dennis Harris (Ex. B).

Prison administrators should be afforded wide-ranging deference in implementing and executing their policies because their discretion is needed to preserve internal discipline and maintain institutional security.  <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 20, 547, 548 (1979).  Prison officials have discretionary power over the safety of the institutions they operate.  <u>See</u> <u>Rhodes v. Chapman</u>, 452 337, 349, n. 14 (1981).  Therefore, this Court should grant summary judgment to the Defendants and deny Simpson's request for injunctive relief under the APA.

**D.      Simpson failed to state a cognizable Eighth Amendment claim.**

Simpson's opposing brief is supported by his own declaration, a declaration that he prepared for his current cellmate, Dennis Harris, an incident report which demonstrated that Dennis Harris assaulted another inmate on September 7, 2009, his administrative remedy documents, and a copy of <u>Toney v. Bledsoe</u>, No. 4:CV-09-1412, 2010 U.S. Dist. LEXIS 7621 (M.D. Pa. Jan. 29, 2010).

Simpson's declaration merely reiterates the statements he has made in his complaint, that SMU inmates are at risk of attack by their cell mate during the handcuffing procedure, and that he is aware of numerous such attacks.  <u>See</u> Cross

10

Mot. for Summ. J. (Doc. 41); Simpson Decl. (Ex. A).  Harris states that he

assaulted a previous cell mate in the SMU when his cell mate was handcuffed and

he was unrestrained.  <u>See</u> Cross Mot. for Summ. J. (Doc. 41); Harris Decl. (Ex. B)

at ¶¶ 2-3.  Harris also states that BOP staff moved another of his former cell

mate's because he asked to be moved due to his fear of Harris.  <u>See id.</u>  at ¶ 4.

Harris claims that he and Simpson "get along OK."  <u>Id.</u> at ¶ 5.

     None of Simpson's administrative remedy requests describe a problem with

his cell mate or state that his safety has been threatened.  Warden Bledsoe denied

Simpson's request for single cell status, but stated, "To the extent you have

information regarding a specific threat to your safety, please contact a staff

member immediately."  <u>See</u> Cross Mot. for Summ. J. (Doc. 41); Administrative

Remedy Documents (Ex. D).

     The Regional Director further explained:

> A review of your appeal revealed that the Warden at USP Lewisburg
> adequately addressed your complaint and advised that policy allows
> for the use of restraints when escorting inmates from a secure area.
> Institution staff considers safety and security issues when moving
> inmates and making cell/housing assignments.  There is no indication
> you need to be celled alone.  However, you should advise staff if
> there are issues with another inmate so an assessment can be
> conducted. . . .

<u>Id.</u>

11

The National Inmate Appeals Administrator stated, "It is necessary to place restraints on inmates prior to their movement from their cell and return.  If you have a concern with your cell mate, you need to advise staff immediately."  Id.

Simpson's exhibits illustrate the deficiency of his claim, that he has not demonstrated that he is subject to a pervasive risk of future harm, and therefore, this Court should dismiss the complaint for the reasons stated in Defendants' brief. In Harrison v. Bledsoe, No. 1:09-CV-01600, 2010 WL 186804 (M.D. Pa. 2010), Judge Conner dismissed the complaint filed by in inmate of the SMU at USP Lewisburg who raised an Eighth Amendment claim based double celling.  The Judge stated:

> The plaintiff alleges generally that the inmates in the SMU are violent and double celling leads to tension.  However, he has not alleged that he suffered a substantial injury from another inmate or facts from which it can reasonably be inferred that he is in imminent danger of substantial injury as a result of being double celled. . . .  Accordingly, the amended complaint fails to state an Eighth Amendment claim upon which relief may be granted.

Id. at 6.

Similarly, Judge Rambo ruled that double celling in the SMU at USP Lewisburg does not amount to cruel and unusual punishment.  See Mitchell v. Dodrill, No. 1:CV-08-01414, 696 F. Supp.2d 454, 467 (M.D. Pa. 2010).  In so ruling, the Judge noted:

12

> [I]n assessing a claim of cruel and unusual punishment, a court must
> bear in mind that a prison's internal security is peculiarly a matter
> [for] the discretion of prison administrators."  Whitley v. Albers, 75
> U.S. 312, 321 (1986) (quoting Rhodes v. Chapman, 452 U.S. 337,
> 349 n. 14 (1981)).  Prison officials 'should be accorded wide-ranging
> deference in the adoption and execution of policies and practices that
> in their judgment are needed to preserve internal order and discipline
> and to maintain institutional security." Id. at 321-322 (quoting Bell v.
> Wolfish, 441 U.S. 520, 547 (1979)).

Id. at 467.

## E.    The defendants are entitled to qualified immunity.

Simpson merely argues that if a plaintiff makes out a claim for deliberate

indifference, the defendants are not entitled to qualified immunity.  See Opposing

Br. (Doc. 40) at 27-28.  In support of his argument, Simpson cites to Williams v.

Holtzapple, No. 3:07-CV-1283, 2010 WL 1254279 (M.D. Pa. 2010) which is

factually distinguishable from Simpson's case because Williams alleged that he

had told staff that his inmate threatened to assault him before an assault actually

occurred.  However, Simpson offers no credible summary judgment evidence to

demonstrate that the actions Defendants Bledsoe and Lappin were illegal, or even

unreasonable under the circumstances.  Therefore, this Court should grant

summary judgment because Defendants Bledsoe and Lappin are entitled to

qualified immunity.

13

**F.     Simpson's claim of supervisory liability fails.**

Defendants argued that this Court should dismiss Simpson's claims against Defendants Bledsoe and Lappin because they lack personal involvement in the alleged constitutional violation and because respondeat superior cannot form the basis of a <u>Bivens</u> claim.

Simpson opposes this argument by clarifying that he raises his claims against Defendants Bledsoe and Lappin under a theory of supervisory liability because, since other inmates have been assaulted while handcuffed in the presence of their unrestrained cell mate at USP Lewisburg, he contends that Defendants Lappin and Bledsoe have failed to appropriately respond to a known risk with respect to the handcuffing procedure that is the focus of his complaint.  <u>See</u> Opposing Br. (Doc. 40) at 29-31.

In his opposing brief, Simpson repeatedly cites to <u>Beers-Capitol v. Whetzel</u>, 256 F.3d 120 (3d Cir. 2001), in which former female residents of a juvenile detention facility who were sexually assaulted pursued deliberate indifference claims against officials under a theory of supervisory liability.  Unlike Simpson, the plaintiffs in <u>Beers-Capitol</u> sustained actual injuries.

To assess the claims raised in <u>Beers-Capitol</u>, this Third Circuit referred to the four-part test set forth by the Supreme Court in <u>City of Canton v. Harris</u>, 480

14

U.S. 378 (1989).  Beers-Capitol, 256 F.3d at 134.  To hold a supervisor liable on

an Eighth Amendment claim to properly supervise, the plaintiff must:

> identify a specific policy or practice that the supervisor failed to
> employ and show that: (1) the existing policy or practice created an
> unreasonable risk of the Eighth Amendment injury; (2) the supervisor
> was aware that the unreasonable risk was created; (3) the supervisor
> was indifferent to that risk; and (4) the injury resulted from the policy
> or practice.

Id. (citing Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989).

Simpson's claim under this theory fails.  Although Simpson points to a

handcuffing policy which places a restrained inmate alone in a cell with his

unrestrained cell mate for the brief period of time needed to permit prison staff to

safely extract one of the inmates from the cell, Defendants have provided credible

summary judgment evidence that demonstrates that prison officials closely

evaluate inmates for compatability issues before placing them together, CIMS

assignments are reviewed before designating an inmate to a SMU, inmates may

always request protective custody if they receive a threat of harm, and inmates

may request a new cell assignment if the present a credible reason for such a

change.  See SMF ¶¶ 9, 25, 37-41.  While Simpson appears to have voiced

complaints about his previous cell mate, he has not voiced complaints about his

current cell mate.  See SMF ¶ 43-44.

15

Therefore, Simpson has not identified that he is at an unreasonable risk of harm even if he is restrained in the presence of his unrestrained cell mate.  Since Simpson has not reported problems with his cell mate, the supervisory defendants have not been indifferent to a known risk, and Simpson has suffered no harm.

Therefore, on the basis of the caselaw cited in Simpson's opposing brief, this Court should dismiss the Complaint because Simpson's claims under a theory of supervisory liability fail.

16

### III.  Conclusion

In light of the aforementioned, Defendants, the United States of America,

B.A. Bledsoe and Harley Lappin ask this Court to dismiss the Complaint, or grant

summary judgment to the Defendants.

Respectfully submitted,

PETER J. SMITH
United States Attorney

s/ Stephen R. Cerutti II
STEPHEN R. CERUTTI II
Assistant United States Attorney
PA Bar # 90744
CYNTHIA E. ROMAN
Paralegal Specialist
240 West Fourth Street, Suite 316
Williamsport, PA 17701
Phone: (717) 221-4482
Fax: (717)221-2246
Stephen.Cerutti@usdoj.gov

January 19, 2011

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY E. SIMPSON,** | : | **NO. 4:CV-10-1187** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Muir, J.)** |
| | : | |
| **THE UNITED STATES OF AMERICA,** | : | |
| **B. A. BLEDSOE, AND** | : | |
| **HARLEY LAPPIN, individually and in** | : | |
| **their official capacities,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on April 11, 2011, she served a copy of the attached

## REPLY BRIEF

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:
Jeffrey E. Simpson
Reg. No. 04394-036
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

s/Cynthia E. Roman
CYNTHIA E. ROMAN
Paralegal Specialist